IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WARREN BROWN | ) | |
| | ) | |
| v. | ) | 3-05-CV-2227-K |
| | ) | |
| NATHANIEL QUARTERMAN[1], Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Iowa Park, Texas, serving a conviction for the offense of capital murder.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of capital murder as charged in the indictment in Cause No. F-98-53664 Brown was tried by a jury which returned a

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

verdict of guilty. The State did not seek the death penalty and the State court sentenced him to a term of life imprisonment.

He effected a direct appeal and on August 22, 2001, the Fifth Court of Appeals affirmed his conviction in an unpublished opinion. His petition for discretionary review was refused by the Texas Court of Criminal Appeals on May 15, 2002. Subsequently Brown filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, and on October 26, 2005, the Court of Criminal Appeals denied the application without written order on the findings of the trial without a hearing. He then filed the present petition. In response to this court's show cause order Respondent has filed an answer together with copies of Brown's prior state proceedings. It is not claimed that Brown has failed to exhaust state remedies and accordingly his petition is before the court for consideration on the merits.

**Findings and Conclusions**: In his first ground for relief Brown asserts that he is actually innocent of the offense of capital murder. He essentially concedes that the United States Supreme Court has held that such a claim is not a cognizable basis for federal habeas corpus relief. See Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 860 (1993). Therefore, § 2254(d)(1) forecloses relief to the extent that he asserts a "free-standing, independent" claim of actual innocence. However, it appears that he relies on the Supreme Court's decision in Schlup v. Delo, 513 U.S. 298, 314, 115 S.Ct. 851 (1995).

In Schlup the Supreme Court held that a claim of actual innocence might act as a gateway to permit merit review of a constitutional claim which was otherwise defaulted. The Supreme Court very recently revisited its holding in Schlup in House v. Bell, ___ U.S. ___, ___ S.Ct. ___, No. 04-8990, decided June 12, 2006, 74 LW 4291. In part IV of the opinion the Court stated:

2

> In <u>Schlup</u>, the Court adopted a specific rule to implement this general principle. It held that prisoners asserting innocence as a <u>gateway to defaulted claims</u> must establish that, in light of new evidence "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. This formulation, <u>Schlup</u> explains, "ensures that petitioner's case is truly 'extraordinary,' while still providing petitioner a meaningful venue by which to avoid a manifest injustice ... [A] petition supported by a <u>convincing Schlup</u> gateway showing "raise[s] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial without the assurance that the trial was untainted by constitutional error" ... (p. 4296 of LW) (Emphasis added).

The alleged constitutional error claimed to have occurred in the course of Brown's trial is the suppression of favorable evidence. <u>See</u> ground 2. Therefore, the magistrate judge now addresses that ground. Specifically he claims that the prosecution withheld information that a statement taken from Anna Marie Wilson in the course of the investigation of the triple murder which connected Petitioner to the crimes was the produce of coercion and was false.

<u>Brady v. Maryland</u>, 373 U.S. 83, 87, 83 S.Ct. 1194 (1963), imposes a duty to disclose all material, exculpatory evidence to an accused. To establish a <u>Brady</u> claim a habeas petitioner must establish that (1) the prosecution suppressed evidence, (2) that the evidence was favorable to the accused, and (3) that the evidence was material. <u>See e.g.</u> <u>United States v. Bagley</u>, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383 (1985). The scenario presented in Brown's petition clearly fails to satisfy the materiality requirement. Further, although it appears obvious why such a claim has never been addressed by the Supreme Court, the Court has never held that a statement made to officers in the course of a criminal investigation by a person - not called as a witness - who later recants the truth of the prior statement constitutes <u>Brady</u> material which must be disclosed to a criminal defendant. Therefore, relief on this grounds is foreclosed. § 2254(d)(1).

Moreover, even if it be assumed <u>arguendo</u> that a non-witness's recantation of a prior statement on the assertion that the prior statement was coerced might constitute <u>Brady</u> material,

3

Brown fails to demonstrate that he is entitled to relief. Knowledge of exculpatory material in the possession of law enforcement officials is imputed to the prosecution, notwithstanding the prosecutor's lack of knowledge. Brown relies on the affidavit of Anna Marie Wilson executed on July 2, 2003, to show that she informed Gary Kirkpatrick and Robert L. Ermatinger that her previous affidavit executed on September 18, 1998, was false prior to the date on which Brown's trial began and to show that her September 18, 1998, affidavit was the product of a promise by Ermatinger to drop then pending charges in exchange for her cooperation. See Application WR-61,599-01 at 0045-51.

The procedures which apply in an art. 11.07 application permit a state district court to resolve contested issues of fact by affidavits, by conducting an evidentiary hearing or by a combination of both. Under the pre-AEDPA provisions of § 2254, the Fifth Circuit found that resolution of fact issues in an art. 11.07 application on affidavits was permissible. See e.g. Smith v. Estelle, 711 F.2d 677, 681 (5th Cir. 1983). More recently the Fifth Circuit rejected the argument that a "full and fair hearing" was a prerequisite to the AEDPA's deferential framework. Valdez v. Cockrell, 274 F.3d 941, 948-950 (5th Cir. 2001), reh. denied 287 F.3d 393, reh. en banc denied 288 F.3d 702, cert. denied 537 U.S. 883, 123 S.Ct. 106 (2002).

In addition to the affidavit of Anna Marie Wilson, the habeas record filed in Brown's art. 11.07 application contains affidavits executed by Rick Jordan, Robert L. Ermatinger, Gary L. Kirkpatrick, George Espinosa, John Alan Betts and Gary L. Traylor.

In response to Wilson's affidavit claim that she informed Kirkpatrick and Ermatinger that her September 18, 1998, affidavit was false on a date prior to Brown's trial, Ermatinger swore that "Anna Marie Wilson never recanted her statement to me at any time during the investigation or prior

to trial," Application at 0092, and Kirkpatrick's affidavit likewise denied that Wilson ever recanted her prior statement.  Id. at 0094.

Brown's claim that Wilson's September 18, 1998, statement (affidavit) was coerced,[2] is controverted by Ermatinger's affidavit as well.  Id. at 0091.

In its findings of fact the state trial court found inter alia that Anna Marie Wilson was not a credible person and was not worthy of belief, that Ermatinger and Kirkpatrick were credible and that Wilson did not recant her written statement taken on September 18, 1998, during the investigation or prior to Brown's trial.  See Application at 118-119, ¶¶ 7, 8, 9, 14, 15 and 16.  See also ¶ 17.  These findings, on which the Court of Criminal Appeals based its denial of Brown's art. 11.07 application are entitled to a presumption of correctness.  See § 2254(e)(1), and foreclose relief on Brown's Brady claim.[3]

The state court findings of fact foreclose any basis for Brown's Brady claim and further since he cannot show any independent constitutional violation, the Supreme Court's decision in Schlup v. Delo, supra, is inapplicable and Herrera v. Collins, supra, establishes that his first ground fails to

---

[2]Although Petitioner categorizes Ermatinger's alleged promise to Wilson to see that then pending charges were dropped if she cooperated as coercion, such a promise, even if made, falls far short of a showing that her statement was thereby rendered involuntary.

[3]Brown included as an exhibit to his art. 11.07 application and to his instant petition the affidavit of John Betts in which Betts related a conversation between himself and Gary Traylor prior to Betts' appearance as a witness against Monty Lamb.  See Application at 101-103.  The affidavit not only relates to a meeting which occurred after Petitioner's trial but makes clear that no one every told him to testify falsely.  Moreover, the state trial court found that no one in the D.A.'s office involved with the case "scripted" Betts or told him how to testify, nor was he encouraged to testify falsely.  Id. at 120 ¶ 22.  This finding is fully supported by the contents of Betts's affidavit and the other affidavits before the state court, which were found to be truthful and credible.

5

state a cognizable basis for federal habeas corpus relief.

**RECOMMENDATION**:

    For the foregoing reasons it is recommended that the petition be denied and dismissed.

    A copy of this recommendation shall be transmitted to counsel for the parties.

    SIGNED this 22nd day of June, 2006.

*[signature: Wm. F. Sanderson, Jr.]*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.